IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV327-03-MU

| | |
|---|---|
| MARCO ANTONIO CRUZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| JOHN DOE, Medical Director; Nurse ) | |
| Preston; Sheriff Pendergraph, Meckelnburg ) | |
| County Sheriff ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under

42 U.S.C. § 1983,[1] filed on August 8, 2007 (Document No. 1.)

Plaintiff, now housed in Federal Correctional Facility in Ohio, has filed a Complaint against

John Doe, Nurse Preston and Sheriff Pendergraph[2] alleging that his constitutional rights were

violated because he was denied proper medical care when he was housed in Mecklenburg County.

Plaintiff alleges that he has a longstanding problem with stomach ulcers and had previously

---

[1] Plaintiff asserts that his action is pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Because Plaintiff is suing state actors this Court will construe his Complaint as one pursuant to 42 U.S.C. § 1983. Plaintiff also alleges the tort of negligence. The Court notes that negligence, in connection with a deliberate indifference claim, in diagnosis or treatment does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97 (1976).

[2] The Court notes that Plaintiff's Complaint contains no allegation that John Doe or Sheriff Pendergraph had any personal contact with the Plaintiff; therefore there can be no individual liability as to Defendant Doe or Pendergraph. Therefore the claims against John Doe and Sheriff Pendergraph could only be construed as a claim under a theory of supervisory liability. However, the doctrine of respondeat superior is generally inapplicable to § 1983 suits. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Furthermore, this Court previously ruled that Plaintiff failed to state a claim fo relief against these defendants.

been prescribed Tagamet by his personal physician. On September 2003 while housed in the Mecklenburg County Jail, he filled out a sick request form to see a doctor for what he believed was pain caused by an ulcer. Plaintiff was examined by Nurse Preston, who diagnosed him as suffering from gas and prescribed him Rolaids and denied his request to see a doctor. Plaintiff objects to having been diagnosed by a nurse instead of a doctor and contends that Defendant Nurse Preston was deliberately indifferent to his medical needs. Plaintiff seeks a declaratory judgment and almost three hundred thousand dollars in compensatory damages.

A review of Plaintiff's filings in this Court reveal that this is not Plaintiff's first lawsuit against these defendants for the same claims. (See 3:04cv373 and 3:06cv332.) The first case Plaintiff filed against these defendants on these same claims was dismissed for failure to state a claim. (See 3:04cv373, Document No. 4.) The second case was dismissed for failure to exhaust. (See 3:06cv332, Document No. 3.) In connection with the second case, Plaintiff filed a motion for reconsideration, which was denied because Plaintiff had already filed a claim containing the same claims against the same defendants. (See id., Document No. 8.)

The principle of res judicata operates to bar further claims by parties or their privies based on the same cause of action that has been previously adjudicated on the merits. See Young-Henderson v. Spartanburg Area Mental Heath Ctr., 945 F.2d 770, 773 (4th Cir. 1991).

**IT IS THEREFORE ORDERED THAT** Plaintiff's Complaint is DISMISSED based on principles of res judicata and for failure to state a claim for relief.[3]

---

[3] Furthermore, Plaintiff's claim is likely barred by the statute of limitations since the principle event of which he complains occurred in September 2003. See Burnett v. Grattan, 468 U.S. 41, 49 (1984) (because there is no federal statute of limitations for § 1983 actions, state statute applies); Wilson v. Garcia, 471 U.S. 261, 276 (1985) (state statute governing personal injury should be applied to all § 1983 claims); Brooks v. City of Winston -Salem, 85 F.3d 178,

**SO ORDERED**.

Signed: August 14, 2007

Graham C. Mullen
United States District Judge

---

181 (4th Cir. 1996) (Three-year personal injury statute of limitations applies in North Carolina.)